The appellee is on submission, and we have Mr. Wegg. Good morning, Mr. Wegg. Good morning, Your Honors. You reserved one minute for rebuttal, but that wouldn't work. All right. Go ahead. Good morning, Your Honors. This is a case where the appellee was rewarded for abandoning a case after a final but fatal determination in this action after a 12B6 slash Rule 56 motion. This is a case where— Wait, wait, wait. Stop the slash for a moment. Oh, I'm sorry. The ruling was a Rule 12B6 ruling, not a Rule 56 ruling, right? Correct. The district court didn't consider it under summary judgment, but in our notice of motion— Right. The district court dismissed and dismissed with leave to amend. Correct. Are you suggesting that that was an abuse of discretion to give leave to amend? No. No, Your Honor. No. We take no issue— So you're not challenging that ruling? We take no issue with the original September 24th determination. We take issue with the second determination, which came on November 4th. After that 30 days elapsed, there was no motion to amend. There was a letter that was submitted to the district court. Right. So the plaintiff then attempts to withdraw the case, right, or to drop the case. Correct. And under those circumstances, the rule explicitly allows the district court to decide whether to allow that withdrawal with prejudice or without prejudice. Well, it's the—not exactly, I would argue. And the reason for that is that the September 24th order provided 30 days to amend. Once they didn't amend within those 30 days, that determination became final. And New York law is quite clear that— Wait. So this is because he was one day late with the request. Suppose on day 30 the plaintiff had said, you know what, I don't think I'm going to try to amend and worry about convincing you about the statute of limitations here. I'm just going to go sue in some other place where I don't have that issue. Suppose that had happened. I mean, is the real thing that this turns on, that he was a day late? No, Your Honor. That would have been the same issue. It would have been the same issue if it had been during the time in which the plaintiff was authorized to amend. But then in that circumstance, why isn't the plaintiff entirely within his rights to decide, I don't need this headache, I'll go somewhere else? Well, because— At least, then wouldn't it be a decision for the district judge in the district judge's discretion whether this is a case in which it would be unfair to allow that? Well, Your Honor, I would disagree with that. And the reason for that is that a statute of limitations determination in New York is on the merits. It's— Well, the district court didn't make a final determination about the statute of limitations. The district court said, I think that you—this is barred by the statute of limitations, but maybe you could plead an exception to the statute of limitations or a reason why you might avoid dismissal. So I'm going to give you leave to amend. And then he thinks about it and says, maybe I could do that, but I'd rather just go to a GWILA where it's unambiguous that I'm not barred by the statute of limitations. Why isn't that a reasonable way for this question to play out? So we actually cite a collection of cases on page 14 of our applied brief where similar issues came up, where there was a determination with leave to amend, and after the plaintiff did not amend, the dismissal was with prejudice because the plaintiffs in those cases caused prejudice and caused a lack of an affirmative defense or the taking away of an affirmative defense that the defendants had in those cases. I'm not sure I still follow why this takes away any defense. The plaintiff had the opportunity to plead circumstances that plausibly could exist that would create an equitable tolling of the statute of limitations. He chose not to pursue that issue. He made a decision to drop the case instead. The district court is then faced with a decision as to, and it seems to me to be entirely a matter of federal procedural law. It's not a matter of New York law. New York law is about when a statute of limitations ruling, a final ruling on that issue, that disposes of a case on that ground is preclusive of a further action. That seems to me a rather different question than whether a tentative ruling that says this complaint as drafted doesn't get us there, but maybe you've got better arguments that additional things could be done. And now the plaintiff says, yeah, all right, but I don't choose to do that. Now we are in Rule 41 territory, it seems to me. There's never been a ruling. So you're saying that the district court should have ruled that there was a definitive failure of the complaint based on statute of limitations, but that's not what the district court did. You're saying that's what he should have done. If considered under Rule 41, then that's what the district court should have done. Either way, this wasn't a failure to prosecute, which is what the district court did decide. The district court issued that dismissal- Even if they've done it under 41A instead of failure to prosecute, the discretion is the same. The factors are different. We have this case called Zagano that has factors under that situation, but the district court has the same discretion to determine under the circumstances whether it should be with or without prejudice, right? If it were considered under Rule 41 under the Zagano factors, then we would be able to consider it under an abuse of discretion, which we would maintain one of the Zagano factors is prejudice. So it would be an abuse of discretion. Well, where is the prejudice then? Because there was an affirmative defense. There was a determination that the case was untimely. They chose to litigate in New York, not to go to Anguilla at first. And when they brought the case in New York, they litigated the case. They caused us to, at the expense of having to oppose, of having to move to dismiss, we got a favorable decision. Then when they go to Anguilla, suddenly all of that is up in smoke. And that's the prejudice, is that the case was dismissed. They chose to come here. Now they're trying to forum shop down to Anguilla because they think, oh, we're not going to be able to meet that standard in New York. Maybe they didn't think that it was worth the trouble to, I mean, you know, the, I don't know why this is different than if they had filed in Anguilla in the first place, other than the fact that they did file and you knock them out here, at least temporarily. Because that would be something that they would have considered before they filed in Anguilla or before they filed here. They chose their path. But why do they have to do that? I mean, this often happens. We give parties an opportunity to amend the complaint. So here he comes in, makes a complaint here, thinks that he's not barred by the statute of limitations. The district court says, I think you are, but maybe you could plead circumstances about the debtor reaffirming the debt or something that would create an exception to the statute of limitations and allow it to proceed. So I'm going to wait for a final determination until that happens. And then he says to the district court, look, instead of litigating all of those questions, I'm just going to go where it's unambiguous that the statute of limitations. I don't understand why it's an abuse of discretion for the district court to say, okay, instead of having another round of litigation in our court, you're going to do it in a different court. So the Fifth Circuit actually took up that issue in a case, which we cite, Elbar v. Tripath. And what they actually held was that the voluntary dismissal would be improper because the defendant would be prejudiced by an unconditional dismissal because such a dismissal would potentially strip it of a viable statute of limitations defense. In other words, when a plaintiff picks its poison, so to say, and it brings the case to New York and it litigates in New York and it thinks it has a meritorious case in New York and it makes us litigate in New York and make a motion to dismiss and we're successful on that and they have leave to amend. They could try to show the district court that they have a viable claim in New York. What do you think about this line of cases including that we've cited that say the defendant has to suffer some legal prejudice other than the mere prospect of a second lawsuit for it to be an abuse of discretion? There's a series of cases. You're aware of those cases, right? Correct. Is that what you're arguing in response to Judge Lynch? That was your argument. What's the prejudice? She said we went through the trouble here and we're going to have to defend in a second lawsuit. The prejudice is the loss of a defense. It's not just that we have to go to a second lawsuit. It's that we lost a defense that we had in the initial lawsuit here in New York. But you only had a defense in New York, right? But the statute of limitations is different in other places. I don't know that. Even if you were dismissal with prejudice, I mean, what do you make about these earlier cases, this Cloverleaf case and other cases suggesting that even if it was a dismissal with prejudice, it was a dismissal with prejudice in a jurisdiction in which the statute of limitations was three years and I actually wouldn't bar another lawsuit in a jurisdiction where the statute of limitations was six years. The Cloverleaf case seems to be a one-out. Of course, it's from this court, but it seems to be a one-out case. In fact, I believe that Your Honor was on a case last summer that went back to citing Bray, which Cloverleaf said Bray shouldn't be considered anymore. It would seem that it's certainly based on the New York State courts, which have all— Yeah, I mean, the other case should have been clearer about that, but it wasn't an issue in that case because the question was state court in New York and federal court in New York, and so the statute of limitations is the same. But here the statute of limitations is not the same between New York and Aguila, right? No, but the New York State courts, and this is—I forget the name of the case. This is the—we've had a case on that as well. The statute of limitations is under federal jurisprudence, also looked at under the New York statute of limitations, so that would carry through. This is Semtec case. It would carry through even if it's different in Aguila. This court, the New York court and the district court sitting in New York would apply to New York as well. I guess if you go to Aguila and you'd say it was dismissed on the merits of New York, you should honor that, and then Aguila would get to decide whether they do or not. You just have another argument, but it's not obvious that the district court here would be able to preclude Aguila from saying— the Aguila courts from saying, well, that was a dismissal on such limitations that's applicable in New York and we have a different one here. Correct. We're not asking that this court dictate to Aguila what they do in Aguila, but we're saying that at least in this court, just as a procedural matter, the dismissal without prejudice was error and it should be reversed to be with prejudice based on the clear New York cases that go in that way. Thank you very much. Thank you, Your Honor.